UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARCUS D. GREENE,                                                         Petitioner,

v.                                             Civil Action No. 3:16-cv-223-DJH-DW

RANDY WHITE, Warden,                                        Respondent.

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Marcus Greene filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Docket Nos. 3; 9) The respondent opposes Greene's petition. (D.N. 8) The Court referred the matter to Magistrate Judge Dave Whalin, who submitted Findings of Fact, Conclusions of Law, and Recommendation on October 13, 2016. (D.N. 10) Judge Whalin recommended that the Court deny Greene's petition with prejudice and deny Greene's request for a certificate of appealability. (*Id.*, PageID # 199) The petitioner timely filed objections to Judge Whalin's report on November 3, 2016. (D.N. 11) For the reasons set forth below, the petitioner's objections will be overruled. After careful consideration, the Court will adopt in full Judge Whalin's Findings of Fact, Conclusions of Law, and Recommendation. (D.N. 10)

**I.**

On November 12, 2009, Petitioner Marcus Greene, shot and killed two people. (D.N. 10, PageID # 193 (citing D.N. 8-2, PageID # 61)) A "grand jury indicted Greene on two counts of capital murder, one count of first-degree assault, one count of first-degree burglary, two counts of possession of a handgun by a convicted felon, one count of first-degree wanton endangerment, two counts of tampering with physical evidence, and two counts of illegal possession of a controlled substance." (D.N. 8-2, PageID # 165) Because Greene was on parole when the

1

alleged crimes occurred, his parole was revoked and he was sent to prison to serve the remainder of his fifteen-year sentence while he awaited trial. (*Id.*; D.N. 10, PageID # 193–94 (citing *Greene v. Commonwealth*, 475 S.W.3d 626, 628 (Ky. 2015))

Greene spent three years in custody awaiting trial. (D.N. 10, PageID # 194) At the close of jury selection but before opening statements, the prosecution offered Greene a plea deal. *Greene*, 475 S.W.3d at 628. Greene was represented by two attorneys, and both encouraged him to accept the plea deal. *Id.* at 628–29. Greene was hesitant and "repeatedly asked counsel whether the time he spent in prison awaiting trial on the charges in the indictment would be credited against his sentence received as part of the plea bargain with the Commonwealth." *Id.* at 628. Greene claims that his counsel advised him that his time served would be credited and thus he agreed to plead guilty to first-degree manslaughter, second-degree manslaughter and several Class C and Class D felonies. *Id.*

After reviewing his presentence investigation report, which showed that he would not be credited for time served, Greene moved to withdraw his guilty plea. *Id.* at 628–29. Greene argued that he received ineffective assistance of counsel and "he relied on erroneous legal advice regarding time served when he entered his guilty plea." *Id.* at 629. As a result, the state trial court allowed Greene's counsel to withdraw and it appointed a new attorney to represent him. *Id.* During a hearing on the matter, both of Greene's former attorneys testified "that at some point while representing Greene, he was given incorrect advice on jail time he would be credited in this case; although, one seemed to devalue the error and Greene's actual reliance." *Id.* While one of his attorneys admitted to the mistake, he also testified that Greene "corrected him and acknowledged he would only get credit time after his prior sentence was served." (D.N. 8-2, PageID # 83) Counsel also stated that he did not believe that credit for time served was a

deciding factor for Greene. (*Id.*, PageID # 84) Greene's other attorney testified that "she believed she discussed with him that he was not eligible for concurrent time and that he acknowledged [the] same." (*Id.*, PageID # 83) However, Greene claims that he only accepted the offer because he believed he would get credit for time served. (*Id.*)

The trial court denied Greene's motion to withdraw and sentenced him to "twenty years' imprisonment—ten years to be served as a violent offender (first-degree manslaughter) consecutive to ten years with parole eligibility in 20 percent." *Greene*, 475 S.W.3d at 629. "Further, his *Alford* plea carrie[d] 85 percent parole eligibility." *Id*. Greene appealed the trial court's ruling to the Supreme Court of Kentucky. *Id*. The Supreme Court of Kentucky upheld Greene's conviction, finding that he was not prejudiced by counsel's inaccurate advice regarding credit for time served. *Id*. The court acknowledged that Greene "'may' have been given erroneous legal advice" and it was plausible that Greene misunderstood the credit he would receive for time served. *Id*. at 631. Nevertheless, the Court concluded that had Greene been given the correct information, it would not have changed the outcome because "[j]ail-time credit would weigh equally whether reviewing a plea offer or the potential trial penalties." *Id*. at 632. "In other words, the accuracy of the jail-time credit bears no impact on whether a ten-year sentence or twenty-year sentence looks more appealing." *Id*.

**II.**

On April 15, 2016, Greene filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (D.N. 3) In his petition, Greene makes the same argument regarding ineffective assistance of counsel. (*Id.*, PageID # 4–5) In his Findings of Facts, Conclusions of Law, and Recommendation, Judge Whalin concluded that Greene failed to prove an ineffective assistance of counsel claim. (D.N. 10, PageID # 196–99) Judge Whalin found that Greene could

not show that he was prejudiced by his attorney's inaccurate advice because "the error was corrected by both Greene and co-counsel prior to Greene entering his guilty plea and, for that reason, Greene could not have relied on counsel's misadvice." (*Id.*, PageID # 198) Judge Whalin explained that Greene faced the possibility of life imprisonment or the death penalty had he proceeded to trial, and found that "no rational defendant in Greene's position would have proceeded to trial in this situation." (*Id.*) Additionally, Judge Whalin concluded that "reasonable jurists would not find the above assessment of Greene's claim to be debatable or wrong" and recommended denying Greene a certificate of appealability. (*Id.*, PageID # 198–99)

Greene filed objections to Judge Whalin's Findings of Facts, Conclusions of Law, and Recommendation. (D.N. 11) Greene argues that Judge Whalin did not have an adequate record of the evidentiary hearing held by the state trial court on this matter on November 15, 2013, and thus "perpeturate[s] the same factual errors made by the state courts." (*Id.*, PageID # 200–01) Greene also asserts that Judge Whalin "misapplied the rule of *Strickland*/*Lockhart*/*Padilla*" by applying the objective reasonableness standard. (*Id.*, PageID # 201–02) Greene claims that the matter must be viewed from his "perspective of how <u>he</u> understood the facts to be, at the time during the harried plea negotiation process." (*Id.*, PageID # 202) (emphasis in original) Greene argues that "it is contrary to clearly established federal law . . . for the Magistrate to conclude in error that it was not reasonable for Greene to reject the Commonwealth's plea offer, when it is his decision and his only to make." (*Id.*, PageID # 203)

**III.**

The Court reviews Greene's objections to Judge Whalin's report de novo. Fed. R. Civ. P. 72(b)(3). In relevant part, the Antiterrorism and Death Penalty Act provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any

4

claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has articulated a two-part test for demonstrating ineffective assistance of counsel: (1) "the defendant must show that counsel's representation fell below an objective standard of reasonableness," and (2) "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–94 (1984). While Greene argues that Judge Whalin should have analyzed prejudice from Greene's perspective, according to the Sixth Circuit, "[t]he test is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)).

For example, in *Hill v. Lockhart*, a petitioner claimed "that his guilty plea was involuntary by reason of ineffective assistance of counsel because his attorney had misinformed him as to his parole eligibility date." 474 U.S. 52, 54–55 (1985). The Supreme court held that the petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test" when the

> [p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial. He alleged no special circumstances that might

5

support the conclusion that he placed particular emphasis on his parole eligibility in deciding whether or not to plead guilty.

*Id*. at 60. Similarly, in *Pilla*, the Sixth Circuit held that the petitioner could not demonstrate prejudice "merely by telling [the Court] now that she would have gone to trial then if she had gotten different advice." 668 F.3d at 373.

Here, the Supreme Court of Kentucky found that Greene failed to establish an ineffective assistance of counsel claim. *Greene*, 475 S.W.3d at 628. Judge Whalin concluded that the Kentucky Supreme Court's holdings were not contrary to, or an unreasonable application of, *Strickland*. (D.N. 10, PageID # 198) Judge Whalin explained that while Greene may have received inaccurate advice, he failed to demonstrate that he was prejudiced by this misinformation. (*Id*.)

The Court agrees with Judge Whalin's conclusion. As Judge Whalin noted, there is evidence that the misstatement was corrected by both Greene and his co-counsel before Greene entered his guilty plea and thus it does not seem that Greene relied on his attorney's incorrect advice in deciding to accept the plea deal. (*Id*.) Further, as in *Hill*, Greene has not demonstrated that he would have declined the plea deal and proceeded to trial if he had known that he would not receive credit for time served. *Strickland*, 466 U.S. at 687–94. As in *Pilla*, Greene now claims that he would have gone to trial had he been given different advice; however, this claim is not sufficient to demonstrate prejudice. 668 F.3d at 373. Greene was facing life in prison or even the death penalty if he decided to proceed to trial; therefore, accepting a plea deal for twenty years imprisonment with the possibility of parole, whether or not he received credit for time served, was a rational decision. *Id*. In other words, Greene has also not convinced the Court that "reject[ing] the plea bargain would have been rational under the circumstances." *Id*. (quoting *Padilla*, 559 U.S. at 372).

6

Finally, Greene has articulated concerns about the record that Judge Whalin relied on in writing his Findings of Fact, Conclusions of Law, and Recommendation. (D.N. 11, PageID # 200–01) This argument is unavailing. The record Judge Whalin relied on contains Greene's petition for writ of habeas corpus (D.N. 3), White's response (D.N. 8), and Greene's reply (D.N. 9). As part of his response, White included the signed plea bargain (D.N. 8-2, PageID # 60–63, 121–22); the state trial court's order on the guilty plea (*Id.*, PageID # 64–66); Green's motion to withdraw his guilty plea and the memorandum in support of his motion (*Id.*, PageID # 67–81, 123–37); the Commonwealth's response to Greene's motion to withdraw his guilty plea (*Id.*, PageID # 138–43); the state trial court's order denying Greene's motion to withdraw (*Id.*, PageID # 82–86, 113–17); the state trial court's judgment of conviction and sentence (*Id.*, PageID # 87–89, 118–20); Greene's appellant brief for the Supreme Court of Kentucky (*Id.*, PageID # 90–112), the Commonwealth's appellee brief to the Supreme Court of Kentucky (*Id.*, PageID # 144–63); and the Supreme Court of Kentucky's opinion (*Id.*, PageID # 164–74). The Court concludes that this record is sufficient. (D.N. 3) *Cf. Baidas v. Jenifer*, 123 F. App'x 663, 673–74 (6th Cir. 2005).

### IV.

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The objections of petitioner Marcus Greene (D.N. 11) are **OVERRULED**.

(2)    The Findings of Fact, Conclusions of Law, and Recommendation of the United State Magistrate Judge (D.N. 10) are **ACCEPTED** and **ADOPTED IN FULL**.

(3)    Greene's petition for habeas relief (D.N. 1) is **DISMISSED** with prejudice and is **STRICKEN** from the Court's docket.

(4) A certificate of appealability is **DENIED** as to each claim asserted in the petition.

May 17, 2017

**David J. Hale, Judge**
**United States District Court**